**Richard O. JACOBSON, Cheryl H. Jacobson, Lawrence E. Larson, and Donna C. Larson, Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 91–2934.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1992.

Decided May 1, 1992.

Carlton T. King, Des Moines, Iowa, argued (Kelly L. McCarty, on brief), for appellants.

Frank P. Cihlar, Washington, D.C., argued (Gary R. Allen and Robert S. Pomerance, on brief), for appellee.

Before LOKEN, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.

PER CURIAM.

Richard O. Jacobson, Cheryl H. Jacobson, Lawrence E. Larson, and Donna C. Larson appeal from the tax court's[1] decision characterizing the formation of a partnership, the Metropolitan–Jacobson Development Venture (Venture),[2] as a nontaxable capital contribution by JWC to Venture of 25 percent of JWC's interest in certain property (the McDonald properties) in exchange for a 25 percent partnership interest in Venture and a taxable sale by JWC of 75 percent of the McDonald properties for cash, rather than as a nontaxable capital contribution of the McDonald properties by JWC to Venture under 26 U.S.C. § 721, followed by a cash distribution from Venture to JWC for which gain is recognized under 26 U.S.C. § 731 only to the extent the amount of the cash distributed exceeds JWC's adjusted basis in its partnership interest in Venture. The tax court also held that investment tax credit recapture under 26 U.S.C. § 47(a)(1) was appropriate. The tax court's decision is reported at *Jacobson v. Commissioner*, 96 T.C. 577 (1991). We affirm.

 We review the tax court's findings of fact for clear error and review the tax court's conclusions of law, including its application of the relevant law to the facts, de novo. *Musco Sporting Lighting, Inc. v. Commissioner*, 943 F.2d 906, 907 (8th Cir. 1991) (citing *Moser v. Commissioner*, 914 F.2d 1040, 1044 (8th Cir.1990)). Having reviewed the tax court's opinion in light of these standards, giving careful consideration to the arguments raised by the parties, we find no factual or legal error in the tax court's decision and affirm on the basis of the tax court's opinion for the reasons stated therein.

The court does wish to specifically address one point raised by the taxpayers. One of the key considerations in the factually similar leading case in this area, *Otey v. Commissioner*, 70 T.C. 312 (1978), *aff'd*, 634 F.2d 1046 (6th Cir.1980) (per curiam), was that the funds distributed to the property contributing partner (Otey) were funds borrowed by the partnership, rather than funds contributed by the other partner. In *Otey*, Otey was jointly and severally liable in the event the partnership defaulted on the loan. Appellants Richard O. Jacobson and Lawrence E. Larson argue that they were not relieved of their personal guarantees on the preexisting mortgages to which the McDonald properties were subject and, thus, argue that this case is factually indistinguishable from *Otey*. JWC transferred property to Venture with an approximate fair market value of $15 million and subject to mortgages totalling approximately $7 million. Metropolitan transferred to Venture approximately $6 million in cash from its own funds, which was exactly equal to 75 percent of JWC's equity in the McDonald properties. JWC then immediately withdrew the cash transferred to Venture by Metropolitan. In *Otey*, a debt was created to effectuate the distribution of cash to Otey. In this case, no debt was created contemporaneously with the formation of the partnership and, unlike the taxpayer in *Otey*, JWC received the $6 million free and clear of any obligation to repay that $6 million in the event that Venture defaulted on the mortgages. Whether or not appellants remained personally liable on the preexisting mortgages is irrelevant. That is the distinguishing factor between this case and *Otey* which requires a result in this case different from the result in *Otey*.

AFFIRMED. *See* 8th Cir. Rule 47B.

---

1. The Honorable Carolyn Miller Parr, Judge, United States Tax Court.

2. The two partners in Venture are the Metropolitan Life Insurance Company (Metropolitan) and the Jacobson Warehouse Company (JWC), a partnership, respectively owning 75 and 25 percent of Venture. Richard O. Jacobson and Lawrence E. Larson are the partners in JWC, respectively owning 75 and 25 percent of JWC.